The court will proceed to the fourth case, United States v. Barnes. Mr. Brangle? Mr. Barnes, may it please the court, this case presents three issues. Whether or not the guidelines, criminal history points were incorrectly calculated at the district court level. Whether or not Mr. Barnes forfeited or waived the right to bring this case here today. And then whether or not there was plain error, your honors. We urge the court that the guidelines were incorrectly calculated. Our position is, your honors, that this case represents something that is rather unique when compared to the cases the government cites in its brief. The cases that the government points to are all cases that if I were writing their brief, I would point to, except that in this case, the criminal history point that Mr. Barnes received in the smoking marijuana in the park, it's so different from what the state law has. We're arguing it should not count. Indeed, the charging authority at the municipal level previously had convicted Mr. Barnes on three separate occasions of possession of marijuana. Counsel, I think you need to address the prosecutor's argument that the contention you're making now has been waived. Normally, I expect to see a response to that kind of argument in the reply brief, but you chose not to file a reply brief, and your opening brief doesn't address this either. This is your last chance. Thank you, your honor. So with regard to whether or not this argument is waived, we're urging the court that it's more correctly viewed as a forfeiture, and in support of that, your honors, we point to- When you say it, what is the referent? The prosecutor says the waiver lies in the representation by defense counsel that the pre-sentence report was right to calculate for criminal history points. Thank you, your honor. So the trial counsel at the trial level, it's our contention to the court, if he understood that there is an argument here to remove this criminal history point, would have made that argument if he said- Well, but he didn't. He represented that the PSR was correct. A lot of people who waive an argument rue their decision, but you can't be contending that every waiver that is rude is not, in fact, a waiver, because then there would be no such thing as waiver. As soon as somebody waived a point and later appealed, the waiver, because rude, would go away. Thank you, your honor. So with regard to whether or not this is a forfeiture, I think this court's law previously has called for forfeiture or waiver to be construed sort of broadly for the defendant. And in this case, the defense counsel at the trial level repeatedly presented to the court that he was seeking the lowest possible sentence that the court was comfortable with. And so it's just our position that if he had any argument, if he understood there was any argument, he would not have given that up. With regard to the criminal history points in this case, if the court views a lack of a reply brief on the issue as an error, we certainly apologize to the court. As I was saying with regard to the criminal history points, your honors, it's an extremely unique case. It's one in which the charging authority opted not to use the charge that would have a state law corollary. In addition, on the conviction that we're contesting, it is a charge where the evidence would be consumed because it's smoking. And so unlike a charge of possession in state court or in federal court, there is very often some sort of a lab test wherein someone sees the defendant maybe smoking marijuana, something is recovered, and it tests positive. At the municipal proceedings, it doesn't appear as though there's any kind of a test. Someone could be convicted of this. It would appear by an officer seeing someone smoking, saying it smells like marijuana, and there's sort of no test. And so we think that this is sort of unique in the fact situation that it places before the court. So are you saying that in determining whether a local ordinance prohibits something that's also a violation of state law, the court shouldn't just look to see whether this is also a crime under state law, but should look at the process by which the local ordinance is adjudicated that violation? Well, partly, Your Honor. I think in trying to fashion our arguments for the court, I think the counselors were sort of struck with how strange the charge was and the charging authority's decision to not charge possession. And, of course, we're trying to be the most vigorous advocates for Mr. Barnes as possible. How the court would like to fashion what we should do in calculating criminal history points, I would defer to the court. But, I mean, this court has said in the past that even ex parte proceedings are okay, and the government does cite to that in their brief. But I do think in the case that the government cites to, they just don't simply present the court with such a strange fact pattern. And so that's why we've chosen to proceed as we have. If the court has no additional questions, I think I would just like to have some time in rebuttal. Thank you. Mr. Norwood? Good morning, Your Honors. If you're familiar with George Norwood, you will notice I am a poor substitute. Well, I am familiar with Mr. Norwood. I see him frequently. I apologize for that. I did file my notice of appearance, Nathan Stump. I'm an assistant U.S. attorney in the Southern District of Illinois on behalf of the United States. Really, we see this as sort of a three-tiered argument. The first tier would be that this whole line of appeal has been waived at the district court level because it wasn't raised before the district court at sentencing. The second line of our argument would be that there was no error here at all, simply because this particular local ordinance violation is substantially similar to a state crime, which would be possession of marijuana. And the third line of argument would be if it's forfeiture and not waiver, there would still have to be the fourth prong of the plain error doctrine, which would be that it substantially affects the fairness and integrity of the prior proceeding. And there, Your Honors, we would say simply that this one-point difference in the guidelines is not something where the court needs to step in now on appeal. But I want to focus on the waiver argument. That's our lead argument, our strongest argument. If you'll recall, the criminal history category was the reason that Mr. Barnes was resentenced because there were some underlying crimes of violence that qualified him as a career offender, which he was actually adjudicated as an adult, but he was 15 at the time he committed the crime. So after he was sentenced to 300 months, he was able to get those state convictions basically brought down to a juvenile adjudication as opposed to an adult conviction. And that's what prompted his resentencing. So the whole focus of this hearing at the district court level was on the criminal history points that he had. And at the time, he had 10 points, and this brought him down to four, this change in the status of his prior convictions. So this is not a situation where Mr. Barnes may have just not noticed this issue or lost sight of it. I really think this is a textbook case of intentional relinquishment of the argument because to attack this smoking marijuana on a public park conviction would have really distracted the district court from the most important argument, which was to try to get this reduced from 10 to 4, which resulted in a 111-month reduction in his sentence. If the court were to find that this was not waived somehow and this was merely forfeited, we would just make the argument that, as Mr. Brangle basically conceded, the conduct at issue, smoking marijuana on a public park, necessarily entails some form of possession of marijuana. In fact, I think Mr. Brangle said in his argument they found it strange, the charging decision. I don't think, to answer your question, Judge Barrett, that you would need to, the court should not look into charging decisions, why that decision was made. The case on this circuit is clear that when looking at whether an ordinance violation is also a violation of state law, what the court looks at is the conduct underlying that prior conviction. Here that conduct, smoking marijuana in a public park, the consumption of marijuana, necessarily involves some level of possession. In fact, in the PSR, I believe it was, the way that the violation was described, it said according to the arrest records, the defendant was seen smoking marijuana at a park and refused to pick it up when asked to do so by the officer. So there's something tangible there that he's smoking, consuming, and that would be a state of crime as well. So unless the court has any questions, we're just going to stand on our briefs for the rest of this. Thank you, Your Honor. Thank you. Mr. Brangle. Thank you, Your Honor. I have no additional rebuttal. Good rest. In this case, I noticed both the authors of the brief chose not to argue. Is there some illness? Thank you, Your Honor. Yes, Mr. Gabel asked that I come in his stead. He is experiencing some health problems. I don't know about Mr. Norwood. Your Honor, Mr. Norwood just asked me as a professional courtesy. Well, I just mentioned it because this question of strategy came about here and, you know, it would have been perhaps helpful to get their reflection on what occurred. But obviously, you've had the opportunity to present their side, so we thank both counsel cases taken under advisement.